UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TODD C. BANK, Individually and on Behalf of
All Others Similarly Situated,

*Plaintiff*,

-against-

VERDE ENERGY USA, INC.,

*Defendant*.

**AMENDED COMPLAINT**

1:19-cv-01472-AMD-LB

## INTRODUCTION

1.      Plaintiff, Todd C. Bank ("Bank"), brings this action for violations, by Defendant, Verde Energy USA, Inc. ("Verde Energy"), of a federal statute and a New York statute: respectively, the Telephone Consumer Protection Act, 47 U.S.C. Section 227 ("TCPA"), and New York General Business Law ("GBL") Section 399-p.

2.      Bank brings this action individually.

3.      Bank brings this action on behalf of all other persons who are members, as described below, of the "Federal Robocall Class."

4.      Bank brings this action on behalf of all other persons who are members, as described below, of the "Federal Do-Not-Call Class."

5.      Bank brings this action on behalf of all other persons who are members, as described below, of the "New York Class."

6.      Bank is a member of the Federal Robocall Class.

7.      Bank is a member of the Federal Do-Not-Call Class.

8.      Bank is a member of the New York Class.

9.      The claims of the members of the Federal Robocall Class arose during the period

beginning four years prior to the commencement of this action until the date of such commencement (the "Federal Robocall Class Period").

10.     The claims of the members of the Federal Do-Not-Call Class arose during the period beginning four years prior to the commencement of this action until the date of such commencement (the "Federal Do-Not-Call Class Period").

11.     The claims of the members of the New York Class arose during the period beginning three years prior to the commencement of this action until the date of such commencement (the "New York Class Period").

12.     Bank, individually and on behalf of the other members of the Federal Robocall Class, statutory damages, seeks injunctive relief, and costs and disbursements.

13.     Bank, individually and on behalf of the other members of the Federal Do-Not-Call Class, statutory damages, seeks injunctive relief, and costs and disbursements.

14.     Bank, individually and on behalf of the other members of the New York Class, seeks statutory damages, injunctive relief, reasonable legal fees, and costs and disbursements.

15.     The term "person," as used in this Complaint, incorporates the definition of "person" provided in 1 U.S.C. Section 1.

## **PARTIES**

16.     Bank is a resident of the Eastern District of New York.

17.     Verde Energy is a corporation organized and existing under the laws of Delaware, and has a principal place of business at 12140 Wickchester Lane, Suite 100, Houston, Texas 77079.

**[continued on next page]**

2

## APPLICABLE LAW

**A.     Telephone Consumer Protection Act**

**(i)     Regulation of Certain Telephone Calls to
Residential and Cellular Telephone Lines**

18.     The TCPA states that it is "unlawful . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(B).

19.     The TCPA states that it is "unlawful for any person . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

20.     A person to whose telephone line a call is made in violation of 47 U.S.C. Section 227(b)(1) may bring an action to enjoin such violations and to recover, for each violation, the greater of the monetary loss caused by the violation or $500. *See* 47 U.S.C. Section 227(b)(3). If the court finds that a defendant willfully or knowingly violated Section 227(b)(1), the court may increase the award by up to $1,000 per violation. *See id.*

**(ii)     Prohibition Against Certain Telephone Calls to Telephone
Numbers on the National Do Not Call Registry**

21.     The National Do Not Call Registry is a database that is maintained by the Federal Trade Commission and contains telephone numbers voluntarily provided by residential telephone subscribers. Certain telephone solicitations are prohibited from being placed to those numbers "indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." 47 C.F.R. § 64.1200(c)(2).

22.     Persons to whose telephone line two (or more) calls are made within any 12-month period by in violation of 47 C.F.R. Section 64.1200(c)(2) may bring an action to enjoin such

violations and to recover, for each violation, the greater of the monetary loss caused by the violation or $500. *See* 47 U.S.C. Section 227(c)(5). If the court finds that a defendant willfully or knowingly violated 47 C.F.R. Section 64.1200(c)(2), the court may increase the award by up to $1,000 per violation. *See id.*

**B.     New York General Business Law Section 399-p**

23.     New York General Business Law Section 399-p(3)(a) states:

> Whenever telephone calls are placed through the use of an automatic dialing-announcing device, such device shall do all of the following: state at the beginning of the call the nature of the call and the name of the person or on whose behalf the message is being transmitted and at the end of such message the address, and telephone number of the person on whose behalf the message is transmitted, provided such disclosures are not otherwise prohibited or restricted by any federal, state or local law.

24.     A person to whose telephone line a call is made in violation of GBL Section 399-p is entitled to injunctive relief, the greater of actual damages or $50 per violation, and reasonable legal fees, and, in the event that a violation was committed willfully or knowingly, three times such person's actual damages, in a total amount of up to $1,000. *See* GBL Section 399-p(9).

## JURISDICTION AND VENUE

25.     This Court has jurisdiction over the federal-law claims under 28 U.S.C. Section 1331.

26.     This Court has jurisdiction over the state-law claims under 28 U.S.C. Section 1367(a).

27.     Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(2).

## FACTS

28.     During the Federal Robocall Class Period, Verde Energy initiated, to residential telephones lines and to telephone numbers assigned to a cellular telephone service, thousands of telephone calls using a prerecorded voice to deliver a message for the purpose of encouraging the purchase or rental of energy-discount services provided by Verde Energy.

4

29.    During the Federal Do-Not-Call Class Period, Verde Energy, thousands of times during a 12-month period, initiated a telephone call to a residential telephones line for the purpose of encouraging the purchase or rental of energy-discount services provided by Verde Energy.

30.    During the New York Class Period, Verde Energy made, to telephone numbers with an area code of 212, 315, 332, 347, 516, 518, 585, 607, 631, 646, 680, 716, 718, 845, 914, 917, 929, or 934 ("New York Telephone Numbers"), thousands of telephone calls that disseminated a prerecorded message for the purpose of encouraging the purchase or rental of energy-discount services provided by Verde Energy (the "New York Telephone Calls").

31.    The persons on whose behalf this Complaint asserts claims in connection with the telephone calls described in paragraph "28" are the members of the Federal Do-Not-Call Class.

32.    The persons on whose behalf this Complaint asserts claims in connection with the telephone calls described in paragraph "29" are the members of the Federal Do-Not-Call Class.

33.    The persons on whose behalf this Complaint asserts claims in connection with the telephone calls described in paragraph "30" are the members of the New York Class.

34.    The telephone calls described in paragraph "28" were not preceded by the written consent of anyone who had the legal authority to provide such consent.

35.    The New York Telephone Calls were made with equipment that was capable of storing telephone numbers to be called and that was used, either alone or in conjunction with other equipment, to disseminate a prerecorded message to the telephone numbers that were called without the use of an operator.

36.    The Prerecorded Material of the New York Telephone Calls (the "New York Prerecorded Material") did not state the name of the person on whose behalf the New York Telephone Calls were placed.

37.    The New York Prerecorded Material did not state the address of the person on whose

5

behalf the New York Telephone Calls were placed.

38.    The New York Prerecorded Material did not state the telephone number of the person on whose behalf the New York Telephone Calls were placed.

39.    On or about March 26, 2019, Bank, while located in the Eastern District of New York, received, on his residential telephone line, a New York Telephone Call.

40.    The telephone call described in the preceding paragraph was the second New York Telephone Call that Bank received within the 12-month period that ended on March 26, 2019.

## FIRST CAUSE OF ACTION

41.    Bank repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "40" inclusive of this Complaint as if fully set forth herein.

42.    Verde Energy violated 47 U.S.C. Section 227(b)(1) with respect to Bank and the other members of the Federal Robocall Class.

43.    Bank and the other members of the Federal Robocall Class are entitled to an Order, pursuant to 47 U.S.C. Section 227(b)(3)(A), enjoining Verde Energy from violating 47 U.S.C. Section 227(b)(1).

44.    Bank and the other members of the Federal Robocall Class are entitled to statutory damages of $500 per violation pursuant to 47 U.S.C. Section 227(b)(3)(B).

45.    In the event that Verde Energy willfully or knowingly violated 47 U.S.C. Section 227(b)(1), Bank and the other members of the Federal Robocall Class are entitled to up an additional $1,000 per violation pursuant to 47 U.S.C. Section 227(b)(3)(C).

## SECOND CAUSE OF ACTION

46.    Bank repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "40" inclusive of this Complaint as if fully set forth herein.

47.    Verde Energy violated 47 C.F.R. Section 64.1200(c)(2) with respect to Bank and the

other members of the Federal Robocall Class.

48.     Bank and the other Members of the Federal Do-Not-Call Class are entitled to an Order, pursuant to 47 U.S.C. Section 227(c)(5)(A), enjoining Verde Energy from violating 47 C.F.R. Section 64.1200(c)(2).

49.     Bank and the other Members of the Federal Do-Not-Call Class are entitled to statutory damages of $500 per violation pursuant to 47 U.S.C. Section 227(c)(5).

50.     In the event that Verde Energy willfully or knowingly violated 47 C.F.R. Section 64.1200(c)(2), Bank and the other Members of the Federal Do-Not-Call Class are entitled to up an additional $1,000 per violation pursuant to 47 U.S.C. Section 227(c)(5).

## THIRD CAUSE OF ACTION

51.     Bank repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "40" inclusive of this Complaint as if fully set forth herein.

52.     Verde Energy violated GBL Section 399-p(3)(a) with respect to Bank and the other members of the Federal Robocall Class.

53.     Bank and the other members of the New York Class are entitled to an Order, pursuant to GBL Section 399-p(9), enjoining Verde Energy from violating GBL Section 399-p(3)(a).

54.     Bank and the other members of the New York Class are entitled to statutory damages of $50 pursuant to GBL Section 399-p(9).

55.     Bank and the other members of the New York Class are entitled to reasonable legal fees pursuant to GBL Section 399-p(9).

## CLASS ALLEGATIONS

56.     Bank, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, brings this action as a Class Action on behalf of: (i) the other Members of the Federal Robocall Class; (ii) the other Members of the Federal Do-Not-Call Class; and (iii) the other Members of the

New York Class.

57.     Bank, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, brings this action individually, and as a Class Action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of: (i) the other Members of the Federal Robocall Class; (ii) the other Members of the Federal Do-Not-Call Class; and (iii) the other Members of the New York Class.

58.     Bank believes, with respect to the Federal Robocall Class, Federal Do-Not-Call Class, and New York Class (the "Classes"), that there are thousands of persons whose claims are similar to Bank's individual claims, and, furthermore, that Bank's individual claims are typical of the claims of the other Class members.

59.     Bank would fairly and adequately protect the interests of each Class. Bank has no interests that are antagonistic to, or in conflict with, the members of the Classes. Indeed, Bank's interests are, for purposes of this litigation, coincident with the interests of the other Class members.

60.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because the membership of each of the Classes is so numerous that joinder of all members is impracticable, and because the damages suffered by most of the individual members of the Classes are too small to render prosecution of the claims asserted herein economically feasible on an individual basis, the expense and burden of individual litigation make it impracticable for members of the Classes to adequately address the wrongs complained of herein. Bank knows of no impediments to the effective management of this action as a class action.

**[continued on next page]**

61. Common questions of law and fact predominate over questions that affect only individual members of the Federal Robocall Class. Among these questions are:

(i) whether Verde Energy violated Section 227(b)(1) of the TCPA;

(ii) whether Verde Energy willfully or knowingly violated Section 227(b)(1) of the TCPA;

(iii) whether the members of the Federal Robocall Class are entitled to injunctive relief as a result of Verde Energy's violations of Section 227(b)(1) of the TCPA; and

(iv) whether the members of the Federal Robocall Class are entitled to damages as a result of Verde Energy's violations of Section 227(b)(1) of the TCPA, and, if so, how much.

62. Common questions of law and fact predominate over questions that affect only individual Federal Do-Not-Call Class Members. Among these questions are:

(i) whether Verde Energy violated 47 C.F.R. Section 64.1200(c)(2);

(ii) whether Verde Energy willfully or knowingly violated 47 C.F.R. Section 64.1200(c)(2);

(iii) whether the members of the Federal Do-Not-Call Class are entitled to injunctive relief as a result of Verde Energy's violations of 47 C.F.R. Section 64.1200(c)(2); and

(iv) whether the members of the Federal Do-Not-Call Class are entitled to damages as a result of Verde Energy's violations of 47 C.F.R. Section 64.1200(c)(2), and, if so, how much.

63. Common questions of law and fact predominate over questions that affect only individual members of the New York Class. Among these questions are:

(i) whether Verde Energy violated GBL Section 399-p(3)(a);

(ii) whether the members of the New York Class are entitled to injunctive relief as a result of Verde Energy's violations of GBL Section 399-p(3)(a);

(iii) whether the members of the New York Class are entitled to damages as a result of Verde Energy's violations of GBL Section 399-p(3)(a); and

(iv) whether the members of the New York Class are entitled to reasonable legal fees as a result of Verde Energy's violations of GBL Section 399-p(3)(a).

## PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a)    Pursuant to 47 U.S.C. Section 227(b)(3)(A), an order enjoining Defendant from violating 47 U.S.C. Section 227(b)(1);

(b)    Pursuant to 47 U.S.C. Section 227(b)(3)(B), statutory damages of $500 per violation of 47 U.S.C. Section 227(b)(1) for Plaintiff and the other members of the Federal Robocall Class ;

(c)    Pursuant to 47 U.S.C. Section 227(b)(3)(C), up to $1,000 of statutory damages for Plaintiff and the other members of the Federal Robocall Class , in addition to the statutory damages prayed for in the preceding paragraph, if the Court finds that Defendant knowingly or willfully violated 47 U.S.C. Section 227(b)(1);

(d)    Pursuant to 47 U.S.C. Section 227(c)(5)(A), an order enjoining Defendant from violating 47 C.F.R. § 64.1200(c)(2);

(e)    Pursuant to 47 U.S.C. Section 227(c)(5)(B), statutory damages of $500 per violation of 47 C.F.R. § 64.1200(c)(2) for Plaintiff and the other Members of the Federal Do-Not-Call Class;

(f)    Pursuant to 47 U.S.C. Section 227(c)(5)(C), up to $1,000 of statutory damages for Plaintiff and the other Members of the Federal Do-Not-Call Class, in addition to the statutory damages prayed for in the preceding paragraph, if the Court finds that Defendant knowingly or willfully violated 47 C.F.R. § 64.1200(c)(2);

(g)    Pursuant to New York General Business Law Section 399-p(9), damages of $50 per violation of New York General Business Law Section 399-p(3)(a) for Plaintiff and the other members of the New York Class;

(h)     Pursuant to New York General Business Law Section 399-p(9), an order enjoining Defendant from violating New York General Business Law Section 399-p(3)(a);

(i)      Pursuant to New York General Business Law Section 399-p(9), reasonable legal fees; and

(j)      An award, to Plaintiff and the other members of each Class, of the costs and disbursements of this action, and such other and further relief as this Court deems just and proper.

Dated: March 14, 2019

Respectfully submitted,

 s/ *Todd C. Bank*_____
TODD C. BANK,
 ATTORNEY AT LAW, P.C.
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125
By Todd C. Bank

*Counsel to Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I, Todd C. Bank, hereby certify on March 29, 2019, a copy of the foregoing document was served by the overnight delivery service of Federal Express, addressed as follows:

Morgan, Lewis & Bockius LLP
1000 Louisiana Street
Suite 4000
Houston, Texas  77002
Attn.: Michelle Pector

Dated: March 29, 2019

_____
TODD C. BANK