UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**TODD C. BANK,**

                 Plaintiff,

- against -

**VERDE ENERGY USA, INC.,**

                 Defendant.

**MEMORANDUM DECISION AND ORDER**

19-cv-01472 (AMD) (LB)

**ANN M. DONNELLY,** United States District Judge:

On September 18, 2020, I granted the defendant's motion for summary judgment, enforcing the parties' March 26, 2019 settlement agreement (the "Agreement") and dismissing the amended complaint in its entirety.  (ECF No. 36.)  Judgment was entered in favor of the defendant on September 21, 2020.  (ECF No. 37.)  Now before the Court is the plaintiff's motion for reconsideration of that decision pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (ECF No. 38), and his motion to amend the judgment pursuant to Rule 59(e) (ECF No. 40).  For the reasons that follow, the plaintiff's motions are denied.

## DISCUSSION

I assume the parties' familiarity with the underlying facts of this case, which were detailed in the September 18, 2020 opinion and order.  (*See* ECF No. 36.)

A motion for reconsideration pursuant to Rules 59(e) or 60(b) "is the proper vehicle for bringing to the Court's attention matters it may have overlooked in its initial ruling."  *Pall Corp. v. 3M Purification, Inc.*, Nos. 97-CV-7599, 03-CV-92, 2015 WL 5009254, at *1 (E.D.N.Y. Aug. 20, 2015); *Arnold v. Geary*, 981 F. Supp. 2d 266, 268-69 (S.D.N.Y. 2013), *aff'd*, 582 F. App'x 42 (2d Cir. 2014).  Such motions "are held to a strict standard;" "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court

1

overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Mirkin v. XOOM Energy, LLC*, No. 18-CV-2949, 2018 WL 6381456, at *1 (E.D.N.Y. Dec. 6, 2018) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)); *see also Shrader*, 70 F.3d at 257 (explaining that motions for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided"); *Singer v. Macy's E., LLC*, No. 06-CV-5542, 2007 WL 9711179, at *1 (E.D.N.Y. Nov. 15, 2007) ("Motions for reconsideration may not be granted where the party seeks solely to repackage or relitigate arguments and issues already considered by the Court."). "A party requesting reconsideration is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use [Rules 59 and 60] to advance new facts and theories in response to the court's rulings." *Force v. Facebook, Inc.*, 304 F. Supp. 3d 315, 320 (E.D.N.Y. 2018) (internal quotations and alterations omitted).

The plaintiff has not pointed to any "controlling decisions or data that the court overlooked," *Shrader*, 70 F.3d at 257; instead, he merely relitigates arguments that the Court has already decided or raises new theories in response to prior rulings. First, the plaintiff argues that my interpretation of the "as of" language in the Agreement's release provision "supersedes" the provision's "execution clause," rendering it "superfluous." (ECF No. 39 at 2.) I considered this argument in detail in the September 18, 2020 opinion and order, and rejected the same implausible interpretation of the Agreement's "as of" clause that the plaintiff advocates here.

2

Second, the plaintiff argues that his attempts to rescind the settlement agreement on March 26, 2019 are consistent with his view that the Agreement should not cover the March 26, 2019 call. (*Id.* at 3.) Even if I were to consider this new argument, which was not presented in the plaintiff's opposition to summary judgment, it would not alter my conclusion that "the plaintiff's interpretation [of the 'as of' clause] fails as a matter of law." (ECF No. 36 at 8.)

Third, the plaintiff complains that I expressed a bias against him in my decision. (*Id.* at 4-6.)[1] Fourth, the plaintiff argues that I incorrectly interpreted his argument about the start time of the release; his view is that the Agreement released all claims before 12:00 a.m. on March 26, 2019, but I characterized his argument as releasing all claims before 12:01 a.m. on March 26. (*Id.* at 6.) Neither of these arguments presents any of the grounds for reconsideration outlined in Rule 60(b), nor would it lead me to reach a different conclusion from my September 18, 2020 opinion and order. *See Shrader*, 70 F.3d at 257. Accordingly, the plaintiff's motion for reconsideration is denied.

Finally, the plaintiff asks that I amend the judgment to void the entire confidentiality provision of the settlement agreement. (ECF No. 41.) The plaintiff argues that since the Agreement is available to the public, he has "a First Amendment right . . . to speak about it." (*Id.* at 4.) While it is true that the terms of the Agreement are now in the public domain, it does not follow that the entire confidentiality clause is a "nullity." Indeed, the parties agreed "that they will not advertise, publicize, issue a press release, make an internet posting, disseminate, or otherwise make public to or disclose to any third party the terms of this Agreement, anything related to the Parties' settlement negotiations, settlement communications or any prior drafts of

---

[1] Although the basis for this argument is not entirely clear, the plaintiff appears to object to my observation that he is an attorney with "significant experience in this area of law" and a "sophisticated party" who was able to engage in an "arms-length negotiation." (ECF No. 36 at 9.)

this Agreement or any communications related to the same, unless such disclosure is necessary for any Party's financial advisory, insurer, accountant, tax preparer, or attorney, or as otherwise required by a valid court order." (ECF No. 29-3 ¶ 5.) Nothing in my September 18, 2020 order alters the duties of the parties with respect to this provision, nor restricts their constitutional rights beyond the limits for which they mutually bargained. To the extent that the plaintiff now asks the Court to alter the Agreement, that request is denied.

## CONCLUSION

Accordingly, the plaintiff's motions for reconsideration and an amended judgment are denied.

**SO ORDERED.**

s/Ann M. Donnelly
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
December 17, 2020